UNITED STATES DISTRICT COURT
FOR THE  DISTRICT OF MARYLAND
BALTIMORE, MARYLAND

| | | |
|---|---|---|
| Farid Roghani | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| | ) | AMD 0 6 CV 1 3 8 2 |
| Alberto Gonzalez, U.S. Attorney General, | ) | |
| and | ) | |
| District Director Richard Caterisano | ) | |
| US Citizenship & Immigration Service, | ) | |
| and | ) | |
| FBI Director Robert S. Mueller III, | ) | |
| Defendant | ) | |

## PLAINTIFF'S ORIGINAL COMPLAINT FOR
## WRIT IN THE NATURE OF MANDAMUS

COMES NOW Farid Roghani, Plaintiff in the above-styled and numbered cause,
and for cause of action would show unto the Court the following:

1.  This action is brought against the Defendants to compel action on the delayed
    processing of a naturalization application filed by the Plaintiff, Farid Roghani.
    The application was filed and remains within the jurisdiction of the Defendants,
    who have improperly withheld action on said application to Plaintiff's detriment.

## PARTIES

2.  Plaintiff Farid Roghani, is a 35 year old native and citizen of Iran.  He entered the
    United States in 1985 at the age of fourteen. In 1987, a petition to adopt Plaintiff
    was granted by a Maryland State Court. Both adoptive parents are United States
    citizens.   In 1998, he became a lawful permanent resident. On July 3, 2003, the

Plaintiff filed an application for naturalization with the Department of Homeland Security. The naturalization application is still pending almost three years after it was filed.

3. Defendant Alberto Gonzalez is Attorney General of the United States, and this action is brought against him in his official capacity. He is generally charged with enforcement of the Immigration and Nationality Act, and is further authorized to delegate such powers and authority to subordinate employees of the Department of Homeland Security.  8 USC §1103(a).  More specifically, the Attorney General is responsible for the adjudication of applications for naturalization filed pursuant to §§316 or 319(a) of the Immigration and Nationality Act (INA), 8 USC §1427, §1430. The Citizenship and Immigration Service is an agency within the Department of Homeland Security to whom the Attorney General's authority has in part been delegated, and is subject to the Attorney General's supervision.

4. Defendant District Director is an official of the United States Citizenship and Immigration Service (USCIS) generally charged with supervisory authority over all operations of the USCIS within his District with certain specific exceptions not relevant here. 8 CFR §103.1(g)(2)(ii)(B). As will be shown, Defendant District Director is the official with whom Plaintiff's application for naturalization is properly filed and transferred to for adjudication.

5. Defendant Robert S. Mueller, III, is the Director of Federal Bureau of Investigations (FBI), the law enforcement agency that conducts security clearances for other U.S. government agencies, such as the Citizenship and Immigration Services.

## JURISDICTION

6. Jurisdiction in this case is proper under 28 USC §§1391 and §1361, 5 USC §701

*et seq.*, and 28 USC §2201, *et seq.* Relief is requested pursuant to said statutes.

## VENUE

7. Venue is proper in this court, pursuant to 28 USC §1391(e), in that this is an action against officers and agencies of the United States in their official capacities, brought in the District where a Defendant resides and where a substantial part of the events or omissions giving rise to Plaintiff's claim occurred.

## EXHAUSTION OF REMEDIES

8. Plaintiff has exhausted his administrative remedies. Plaintiff has made several written and numerous verbal inquiries consistent with the established inquiry procedures concerning the status of the applications but the agency has refused and/or neglected to respond to all requests to complete his background checks. This is true even though the Plaintiff has never been arrested or convicted of any crime.

## CAUSE OF ACTION

9. Plaintiff's properly filed and applied through for naturalization with the Defendant CIS  on July 3, 2003.  On January 14, 2004, Plaintiff was interviewed and passed his United States history and government test as well as an English language proficiency test.  Plaintiff  complied with all fingerprinting requirements.

10. Since December 2004, Plaintiff has been contacting defendant USCIS about the case status, the reasons for the delay, and for a final determination of his

naturalization application but has received no definitive responses or relief.

11. On July 27, 2004, Plaintiff made inquiries about his case with defendant USCIS and was informed that the defendant could not make a determination on his application because USCIS was waiting on background checks from defendant FBI.

12. On August 26, 2004, pursuant to Plaintiff's request for "all records about [me] indexed to [my] name or [my] identifying information maintained in the Central Records System (CRS) pursuant to the Freedom of Information Act-Privacy Act, defendant FBI stated that there were "no records" relating to Plaintiff.

13. On September 24, 2004, in response to a Congressional Inquiry about the pending background check, defendant FBI wrote to Plaintiff's Congressional Representative Albert Wynn stating that Plaintiff's Name Check was still pending and that defendant USCIS would be notified at the earliest possible date upon completion of Plaintiff's case.

14. On October 28, 2004, Plaintiff emailed defendant FBI inquiring about the status of his name and background check.

15. On November 17, 2004, Plaintiff sent another email to defendant FBI inquiring about the status of his name check.

16. On December 19, 2004, Plaintiff made a personal status inquiry with defendant USCIS at the Baltimore District Office as to the status of his background check. This time, defendant USCIS handed him a written response stating that his case was waiting a variety of background checks.

17. In another undated written response, defendant USCIS in Baltimore thanked

Plaintiff for contacting them and ended the letter stating "The status of your claim is: _____ " not even bothering to complete the sentence.

18. On August 20, 2004, Defendant FBI wrote responded stating the background check was still pending.  On February 10, 2005, defendant FBI wrote again informing Plaintiff that his checks were pending since August 5, 2003.  On April 1, 2005, defendant FBI sent Plaintiff another email using the same standard language as in their February 10, 2005, response in response to Plaintiff's December 19, 2004, email.

19. On January 20, 2006, a personal inquiry was made by counsel on behalf of Plaintiff but defendant USCIS gave no definitive answer to the inquiry stating only that the case was pending a background check.

20. As a result of the defendants' failure to perform their duty to conduct the background check and to make a determination on Plaintiff's naturalization application within 120 days after passing the naturalization examination; to notify Plaintiff that his application had been granted or denied and, if granted, of the procedures to be followed for the administration of the oath of allegiance; and to conduct timely ceremonies to administer the oath of allegiance, Plaintiff has suffered protracted and unconscionable delays in determination of his naturalization application and in administration of the oath of substantial and unique benefits of citizenship, including protection of the laws of the Untied States equal to that granted to citizen; political rights, including the right to vote; the right to enter and remain in the United States; freedom of movement and travel; the right to obtain a United States passport; the protection of the United States government when outside the United States; and the right to transmit nationality to children born abroad. Plaintiff has also been subjected to the fear, despair, and uncertainty engendered by the inability to obtain citizenship; the inability to travel and carry out necessary activities, including medical treatment, out of concern he may miss a long-delayed swearing-in ceremony; the inability to

file visa petitions for immediate relatives as a United States citizen; and the loss, of life sustaining federal benefits. Given that Plaintiff has already had absences of nearly 28 months, any additional absences of more than 60 days may disqualify him for naturalization. As such, he is unable to travel outside the country with his wife and children to visit friends and relatives abroad. Travel is imperative to Plaintiff whose wife has parents living in Iran and Plaintiff cannot accompany his wife and children when they travel to visit family abroad without jeopardizing his naturalization application.

21. Though the role of Defendants is pivotal in securing the civilians of the United States of America from people planning to do harm on American soil, the Defendant's actions in adjudicating Plaintiff's case have clearly gone beyond the expected 120 days to 1 year processing time and have failed to adhere to their own regulations. Further, Defendant FBI's response dated September 22, 2004, to Plaintiff's request for any records about him indexed to his name or identifying information about him evidences that in fact, there is no "hit" or criminal or other history in Defendant FBI's database that would indicate the Plaintiff's ineligibility for naturalization

22. Defendants have clearly not adjudicated or inquired on behalf of Plaintiff since August 5, 2003, nearly three years ago. If Defendants would have even checked the Name Check Inquiry a year later as the Plaintiff did, they would have found that Plaintiff has no record or "hit" in the CRS system. Thirty-three months wait for an FBI background or Name Check Clearance when Plaintiff has no criminal history or record is outrageous and fundamentally wrong.

23. Defendants have sufficient information to determine Plaintiff's eligibility pursuant to applicable requirements and complete the processing procedures. Plaintiff has done everything to get his case adjudicated but Defendants have clearly not given Plaintiff any form of relief.

24. Defendant's delay in this case is, as a matter of law, arbitrary and inconsistent with the applicable statutes, regulations, spirit, and letter of the law. Defendants willfully, and unreasonably, have inappropriately refused to adjudicate the petition, thereby depriving Plaintiff of rights he is entitled to as a citizen during the interminable pendency of his application.

25. The Defendants, in violation of the Administrative Procedures Act, 5 USC §701 *et seq.*, are unlawfully withholding or unreasonably delaying action on Plaintiff's application and have failed to carry out the adjudicative functions delegated to them by law with regard to Plaintiff's case.

26. Plaintiff has made numerous status inquiries with Defendants in an attempt to secure adjudication of his application, all to no avail. Accordingly, Plaintiff has been forced to plead to this Court to compel the Defendant FBI to complete Plaintiff's background and name checks and to compel Defendant USCIS to complete adjudication of the naturalization application and to carry out their functions delegated to them by law.

## PRAYER

WHEREFORE, in view of the arguments and authority noted herein, Plaintiff respectfully prays that the Defendants be cited to appear herein and that, upon due consideration, the Court enter an order:

    a.  requiring Defendants to complete background and name checks;

    b.  requiring Defendants to complete the adjudication of the pending naturalization application within a specific period of time;

    c.  awarding Plaintiff reasonable attorney's fees; and

    d.  granting such other relief at law and in equity as justice may require.

Respectfully submitted,

*Naima Said*

Naima Said
Attorney for the Plaintiff
Naima Said & Associates, PC
5513 Twin Knolls Road, Ste. 219
Columbia, MD 21045
(410) 992-6602
5/24/2006

## LIST OF ATTACHMENTS

*Exhibit Description*

| | |
|---|---|
| A | N-400: Application for naturalization (duplicate without attachments) |
| B | Naturalization receipt dated July 3, 2003 |
| C | Naturalization examination results dated January 14, 2004 |
| D | Undated USCIS response to a Status Inquiry |
| E | USCIS response to inquiry dated July 27, 2004 |
| F | FBI email dated August 20, 2004 |
| G | FBI letter dated August 26, 2004, indicating no records |
| H | FBI letter dated September 22, 2004, to Congressman Albert R. Wynn |
| I | Undated and incomplete USCIS letter in response to a Status Inquiry |
| J | FBI email dated February 10, 2005 |
| K | FBI email dated April 1, 2005 |
| L | USCIS letter dated December 19, 2005, in response to a Status Inquiry |
| M | USICS INFOPASS appointment dated January 20, 2006, for personal inquiry |

I do solemnly declare and affirm under the penalties of perjury that the contents of the foregoing document are true and correct.

*Farid Roghani*

Farid Roghani

(301) 872-8092

5/24/2006